AO 241
(Rev. 06/13)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: Eastern District of Pennsylvania | |
|---|---|---|
| Name (under which you were convicted): <br><br> Oscar Lugo | | Docket or Case No.: |
| Place of Confinement : <br> SCI Coal Township | Prisoner No.: <br><br> LL1010 | |
| Petitioner (include the name under which you were convicted) <br><br>Oscar Lugo              v. | Respondent (authorized person having custody of petitioner) <br><br> Superintendent, Coal Township | |
| The Attorney General of the State of   Pennsylvania | | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Pleas, Chester County, PA, MacElree III, J.

    (b) Criminal docket or case number (if you know):     CP-15-CR-2037-2004 & 15-CR-3873-2004

2.  (a) Date of the judgment of conviction (if you know):   08/02/2007

    (b) Date of sentencing:     08/03/2017

3.  Length of sentence:     90-240 years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    possession with intent to deliver cocaine in violation of 35 P.S. 780-113(a)(30)(63 counts); delivery of cocaine in violation of 35 P.S. 780-113(a)(30 counts); PACOA in violation of 18 P.C.S.A. 911 and 5111 (a), criminal conspiracy

6.  (a) What was your plea? (Check one)

    ☑ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty              ☐ (4)    Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

    ☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:    PA Superior Court

(b) Docket or case number (if you know):    1247 EDA 2016

(c) Result:    Affirmed

(d) Date of result (if you know):    01/18/2019

(e) Citation to the case (if you know):    209 A3d 514

(f) Grounds raised:    The convictions were obtained and sentences imposed in violation of the Fifth and Sixth Amendments to the U.S. Constitution. The information did not identify the dates and locations of the crimes. The sentences did not identify the dates and locations of the crimes. The witnesses did not identify the date and locations. The jury did not find every fact which the the law makes essential to the punishment. The judge's sentencing authority derives from, and is limited by the jury verdict. United States v. Haymond, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019), Apprendi v. New jersey, 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The convictions were obtained and sentences imposed based on the prosecution's knowing use of perjured testimony. The main witness against petitioner was Luis Colon who testified that he was coached by PA State Troopers to to identify petitioner as the head of the cocaine

(g) Did you seek further review by a higher state court?    ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:    PA Supreme Court

(2) Docket or case number (if you know):    85MAL2019

(3) Result:    Denied Allocatur

(4) Date of result (if you know):    07/19/2019

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):     216 A3d 1016

(6) Grounds raised: Essentially the same as the issues presented in the PA Superior Court but framed as a violation of the Fifth and Fourteenth Amendments which prohibit imposition of multiple sentences on a multiplicitous charging instrument, and an illegal sentence based on inaccurate information and false assumptions in violation of the Due Process Clause of the Fourteenth Amendment

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Court of Common Pleas

(2) Docket or case number (if you know):     CP-15-CR-2037-2004 & 15-CR-3873-2004

(3) Date of filing (if you know):

(4) Nature of the proceeding:     PCRA petition

(5) Grounds raised:     conviction based on the knowing use of perjured testimony of Luis Colon; convictions and sentences imposed without an information listing dates and locations of the drug transactions in violation of the Fifth and Sixth Amendment. The information was so uninformative that the petitioner lacked notice of the nature of the charges, and the jury could not distinguish among the counts of the indictment. Finally, the information unconstitutionally enlarged the range of sentences the court could impose. Absent a verdict distinguishing one count from the other, the court lacked authority to impose the sentence of 90-240 years. Besides being unconstitutional, the sentence was based on inaccurate information and false assumptions. The evidence established that petitioner was in Florida and Puerto Rico when the prosecution witnesses placed him in West Chester, PA distributing cocaine The information was multiplicitous. The convictions and sentences violate the double jeopardy clause and privileges and immunities clause of the U.S. Constitution.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes     ☐ No

(7) Result:     petitioner was resentenced to 90-240 years

(8) Date of result (if you know):     08/03/2017

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐ Yes    ❐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes      ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ☐  Yes        ☐  No

(2)  Second petition:    ☐  Yes        ☐  No

(3)  Third petition:       ☐  Yes        ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**      The conviction was obtained and sentence imposed in violation of the Fifth and Sixth
Amendments to the Constitution of the United States

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The information charged 63 counts of delivery of a controlled substance, 63 counts of possession with intent
deliver a controlled substance and other counts all without dates and locations. The jury was not required to find
dates and locations. In United States v. Haymond, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019), the U.S. Supreme
Court held that the sentencing authority is derived from the jury verdict. It held that the jury must find every fact
which the law makes essential to punishment. This applies to all facts which increase the minimum or the
maximum. In this situation, the information did not supply dates distinguishing one count from the other. As
such, the facts found by the judge at sentencing increased "the legally prescribed range of allowable sentences
in violation of the Fifth and Sixth Amendment. Petitioner presented the same issue as a violation of the Double
Jeopardy Clause which prohibits multiplicitous charging instruments, and a violation of the right to effective
assistance of trial counsel for failure to file a pretrial motion to quash the information on the grounds of
multiplicity. In addition to everything else, without dates and locations, the counts of possession w/i to deliver
appear to be lesser included offenses of delivery. Alternatively, the sentences merge.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    PCRA petition

Name and location of the court where the motion or petition was filed:
   Court of Common Pleas, Chester County

Docket or case number (if you know):    CP-15-CR-2037-2004 & CP-15-CR-3873-2004

Date of the court's decision:    08/03/2017

Result (attach a copy of the court's opinion or order, if available):
   Granted in part. Denied in part.

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
   PA Superior and PA Supreme

Docket or case number (if you know):    2794EDA2017

Date of the court's decision:    01/18/2019

Result (attach a copy of the court's opinion or order, if available):
   Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
The conviction was obtained and sentence imposed in violation of Due Process of Law. The conviction was
based on the knowing use of perjured testimony. The main witness against petitioner was coached by PA State

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Troopers to identify petitioner as the individual who spearheaded the drug conspiracy. The hard evidence
supports the claim that the main witness was coached, and threatened by States Troopers. Luis Colon, the main
witness against petitioner, recanted his testimony. Docket entries indicate Luis Colon was taken out of prison for
the purpose of coaching. The physical evidence indicates Luis Colon's trial testimony was fabricated. The
evidence from relatives and the probation department indicate the petitioner was not in the West Chester area
for a substantial portion of the time he was allegedly selling drugs in West Chester. At the PCRA hearing, Luis
Colon came forward and testified that he lied at the trial because he was threatened by State Troopers that they
would make him the leader if he did not name petitioner as the leader. The knowing use of perjured testimony
by members of the prosecution team is imputed to the prosecutor and violates due process. Youngblood v.
West Virginia, 547 U.S. 867, 869, 126 S.Ct. 2188, 165 L.Ed.2d 269 (2006), United States v. Bagley, 473 U.S.
667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     PCRA petition

Name and location of the court where the motion or petition was filed:

Court of Common Pleas, Chester County

Docket or case number (if you know):     same as above

Date of the court's decision:     08/03/2017

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
  PA Superior and PA Supreme

Docket or case number (if you know):     2794EDA2017

Date of the court's decision:     01/18/2019

Result (attach a copy of the court's opinion or order, if available):
  Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
  PA Supreme Court. Petition for allowance of appeal denied 7/11/2019

**GROUND THREE:**
The sentence was imposed based on inaccurate information and false assumptions in violation of the due process clause of the Fourteenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The sentence was imposed based on a multiplicitous information that did not distinguish between crimes, and unconstitutionally expanded the range of sentences to which petitioner was exposed. Sentences imposed by the judge were not supported by the jury's verdict. The sentence itself was imposed based on inaccurate information that petitioner was buying and selling cocaine in West Chester when the evidence indicates petitioner was in Florida and Puerto Rico.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  PCRA

Name and location of the court where the motion or petition was filed:
Court of Common Pleas

Docket or case number (if you know):  same as trial

Date of the court's decision:  08/03/2017

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
PA Superior Court

Docket or case number (if you know):  2794EDA2017

Date of the court's decision:  01/18/2019

Result (attach a copy of the court's opinion or order, if available):
Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

PA Supreme Court

**GROUND FOUR:**

The conviction was obtained and sentence imposed by a judge who exhibited an appearance of bias against Hispanics

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     PCRA petition

Name and location of the court where the motion or petition was filed:
Court of Common Pleas

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
PA Superior Court

Docket or case number (if you know):     1247EDA2016

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
Remanded for resentencing. Issue was not addressed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?   ☑ Yes       ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?       ☐   Yes   ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?       ☐   Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:


       (b) At arraignment and plea:
       Joseph Santaguida

       (c) At trial:
       Joseph Santaguida

       (d) At sentencing:
       Joseph Santaguida

       (e) On appeal:
       Justin McShane

       (f) In any post-conviction proceeding:
       Cheryl Sturm

       (g) On appeal from any ruling against you in a post-conviction proceeding:
       Cheryl Sturm


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?          ☐  Yes   ☑  No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:




       (b) Give the date the other sentence was imposed:
       (c) Give the length of the other sentence:
       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?          ☐  Yes   ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
       Petition is timely. Petitioner was resentenced by order entered 8/3/2017. The PA Superior Court
       affirmed on 1/18/2019. The PA Supreme Court denied the petition for allowance of appeal on
       7/11/2019. A petition filed before 7/11/2020 is timely

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

    Granting habeas corpus

or any other relief to which petitioner may be entitled.

_____
                    Signature of Attorney (if any)
    Cheryl J. Sturm, Attorney at Law
    387 Ring Road, Chadds Ford, Pa. 19317
    484-771-2000
    sturmcjlaw@gmail.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for~~
~~Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ (month, date, year).

Executed (signed) on    *3-12-20*    (date).

_____
                    Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on            3-12-20 (date)

Signature of Petitioner

*Oscar Lugo*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OSCAR LUGO,                              : C.A. No.
DOC#LL-1010
                                         :
      Petitioner

        v.                             :


                                         :

Superintendent SCI Coal Township,
                                         :
Attorney General,
Commonwealth of Pennsylvania
                                         :
District Attorney,
Chester County

      Respondents                     :

**MEMORANDUM OF LAW SUPPORTING PETITION
FOR HABEAS CORPUS UNDER 28 U.S.C. 2254**

    **OSCAR LUGO** hereby petitions this Honorable Court to grant habeas

corpus pursuant to 28 U.S.C. Section 2254 for the following reasons:

1. The conviction was obtained and/or sentence imposed in violation of the Sixth Amendment to

the Constitution of the United States, including but not limited to, the right to effective assistance

of counsel at all critical stages, the right to fair notice of the charges, the right to have all

disputed facts submitted to and decided by the jury, and the right to have the jury properly

instructed on all facts upon which the sentence is based, and the right not to be tried or sentenced

based on a multiplicitous charging instrument in violation of the double jeopardy clause which applies to the Commonwealth of Pennsylvania through the due process clause.[1]

2. The conviction was obtained and/or sentence imposed in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, specifically the right not to be convicted based on the knowing use of perjured testimony.[2]

## I. INCORPORATION BY REFERENCE

The facts set forth in the in the 2254 form are incorporated by reference herewith as if set forth at length hereat.

## II. STATEMENT OF THE CASE

On July 5, 2007, the Chester County District Attorney's Office filed an information charging Oscar Lugo ("Oscar") with sixty-three (63) counts of delivery of cocaine in violation of 35 P.S. 780-113(a)(30). The information did not set forth the dates and locations of the alleged deliveries. It merely alleged that the deliveries occurred between July 1, 2001 and March 31, 2004. The information

---

[1] The Sixth Amendment provides, in pertinent part, as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

[2] The Fifth Amendment provides, in pertinent part, as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law... The Fourteenth Amendment provides, in pertinent part, as follows: "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

also charged Oscar with thirty (30) counts of possession with intent to manufacture or deliver cocaine in violation of 35 P.S. 780-113(a)(30) ["PWID"]. Again, the information did not set forth the dates and locations of the alleged PWIDs. It merely alleged that the PWIDs occurred between July 1, 2001 and March 31, 2004. The information also charged a violation of 18 PACSA 911 (PACOA) and 18 PACSA 5111(a)(1). The information was not specific as to dates and locations of any of the alleged crimes.

On August 2, 2007, a jury convicted Oscar of sixty three (63) counts of illegal delivery of a controlled substance in violation of 35 P.S. 780-113(a)(30); thirty (30) counts of possession with intent to distribute a controlled substance ("PWID") in violation of 35 P.S. 780-113(a)(30); one (1) count of criminal conspiracy in violation of 18 PACSA 901; one (1) count of corrupt organizations in violation of 18 PACSA 911(b)(1); one (1) count of dealing in the proceeds of unlawful activities in violation of 18 PACSA 5111(a)(1).

The docket sheets state that all of the crimes took place on July 1, 2001. Sentences were imposed consecutively even though the docket sheets indicate the alleged crimes all occurred on the same date. Without dates distinguishing one crime from the other, the jury could not have found the facts required to distinguish one count from the other. Without a jury verdict finding dates and locations, there was no factual or legal basis for the imposition of consecutive sentences. For

example, there was no basis to conclude that the counts charging delivery do not

merge with the counts charging PWID. See, for example, ***Commonwealth v.***

***Harris***, 134 A3d 483 (PA Super. 2015) and ***Commonwealth v. Edwards***, 449 A2d

38 (PA Super. 1982)[Delivery of a controlled substance necessarily includes

possession with intent to deliver]. The jury did not find facts necessary to convict

the petitioner of 63 distinct counts of counts of delivery and/or 30 counts of PWID.

Absent a jury verdict finding dates and locations, there was no basis for the

sentencing court to enlarge the range of sentences and impose a sentence of 90-240

years. The highest sentence authorized by the jury verdict is zero to ten years'

imprisonment.

Significantly, there was no physical evidence linking Oscar to the crimes

alleged in the charging instrument except for the trial testimony of Luis Colon who

testified that Oscar spearheaded the scheme to sell cocaine. At trial, Luis Colon

testified that he bought cocaine from and sold cocaine for Oscar. At trial, Luis

Colon had amnesia. He testified that he could not remember when dates when the

deliveries occurred because he was not good with times. He testified that Oscar

visited Puerto Rico to visit relatives three or four times a year between 2001-2004.

He also testified that Oscar would travel to Florida in 2002-2003. Oscar moved

from Florida to Puerto Rico for nine (9) months. As a result of coaching by the

Troopers, he understood that Oscar was the target of the prosecution, but if he did not testify against Oscar, the Troopers would make Luis Colon the leader.

On August 30, 2007, Oscar was sentenced to 152-440 years' imprisonment by Judge MacElree. The sentence was the result of stacking multiple mandatory sentences of seven (7) years. [3] At trial and sentencing, Oscar was represented by Attorney Joseph Santaguida.

There was no notice anywhere in the charging instrument or the sentencing documents separating one crime from the other. There was no notice establishing that the sixty-three crimes charging delivery were not the same offense, and there was no evidence that the thirty PWIDs were not the same offense or (at minimum) lesser included offenses of the 63 deliveries. *Commonwealth v. Harris*, 134 A3d 483 (PA Super. 2015) and *Commonwealth v. Edwards*, 449 A2d 38 (PA Super. 1982)[Delivery of a controlled substance necessarily includes possession with intent to deliver].

Oscar filed a timely PCRA petition challenging the conviction and the stacked sentences. On March 21, 2016, the PCRA judge (formerly the trial judge) held an evidentiary hearing where Luis Colon recanted his trial testimony. Luis

---

[3] The sentence may well have been influenced by the exaggerated claim by the "police" "estimated" that the "ring was responsible for selling more than 100,000 kilograms of cocaine throughout the Delaware Valley." Despite the puffing, there is no reliable evidence to support more than 2 kilograms of cocaine for any purpose, including sentencing.

Colon testified that he was compelled to give false statements about Oscar because Troopers Cruz and Lohman threatened him and then coached him to exaggerate Oscar's role in the drug distribution scheme.

Following the PCRA hearing, the prosecutor stated: "So one thing is clear. Mr. Colon is a liar." The PCRA Court agreed with the prosecutor's assessment but responded by holding that Luis Colon's trial testimony was more credible than the recantation testimony.

At the de novo resentencing hearing before Judge McElree, Oscar was sentenced to 90-240 years..

On February 1, 2017, the Superior Court affirmed. ***Commonwealth v. Lugo***, 1247 EDA 2016. Oscar raised the following claims:

I.  Whether the PCRA Court abused its discretion when it declined to grant the motion for recusal given that a reasonable person faced with the facts would conclude that there was at least the appearance of bias on the part of the judge?

II. Whether the PCRA Court abused its discretion when it decided not to grant a new trial after the primary prosecution witness testified that he committed perjury at the trial and that the perjury was motivated by threats from the police?

III. Whether the PCRA Court erred when he failed to find ineffective assistance of counsel ("IAC") for failing to file a bill of particulars demanding that the prosecution identify the dates and locations of each cocaine delivery in order to

ensure that the [Appellant] was not sentenced more than once for the same crime [hereinafter called "multiplicity"].

IV. Whether the sentence was imposed in violation of ***Apprendi v. New Jersey,*** 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and ***Alleyne v. United States,*** 570 U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)

The Superior Court found Issue #3 "waived" because it was not presented in the PCRA petition, and because it was "moot" because Oscar's sentence had been vacated.

At the close of the PCRA hearing, the Court agreed that "If I rule in the Commonwealth's favor, then the Commonwealth is in agreement that we need to have a new sentencing proceeding at which time the mandatories are off the table?"

On July 25, 2017, the Court held his version of a de novo resentencing. Oscar's counsel stated that it was her understanding that the resentencing was de novo. The Court did not disagree and it allowed Oscar to present evidence to prove that the prosecution's evidence did not have sufficient indicia of reliability to support its probable accuracy.

At the resentencing, Oscar presented the claim that the charging instrument charged the same crime in more than one count in violation of the Double Jeopardy Clause and Due Process Clause of the Fourteenth Amendment. ***Jones v. Thomas,*** 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)[Petitioner may not be

punished twice for the same offense]. He argued that without dates there was no basis to conclude that PWIDs were not lesser included offenses of the deliveries, and no basis to conclude that the information did not charge the same crime in more than one count. As such, without dates, there was no basis to support the jury verdict. Without a jury verdict establishing each and every fact, the sentencing judge could not legally enlarge the range of sentences beyond the highest range of sentence that could be imposed. That would be the statutory maximum sentence for one count of delivery of cocaine. Oscar also presented facts and argument proving that the sentencing court violated due process by relying on fabricated information that lacked an indicia of reliability to support its probable accuracy.

The Court regarded challenges to the reliability of the evidence used at the resentencing as challenges to the convictions. Nevertheless, after considerable argument, the Court did take testimony from Geraldo Colon and Ashley Lugo.

Geraldo Colon testified that he was present when detectives and prosecutor coached Geraldo, Luis Colon and Felix Reyes to lie about Oscar Lugo's involvement with drugs.

Ms. Lugo Ashley testified that between 2001 and 2002, she was traveling back and forth with her father (Oscar) between New Jersey and Florida. She testified that she lived with Oscar in Orlando, Florida from July 1, 2002 until 2003, and that her father took her to school every day.

At resentencing, Oscar argued that the information was multiplicitous because it failed to present essential facts distinguishing one count from the other. It also failed to take into account that the PWIDs were lesser included counts of the deliveries. Oscar argued that one consequence of the multiplicitous information was that the jury could not find all the facts necessary to support a sentencing range higher than the sentencing range applicable to one count of delivery of cocaine. Oscar argued that the highest sentence that could be imposed based on the jury verdict was a single general sentence for one delivery. *United States v. Haymond*.

At the resentencing, the sentencing court displayed a bias against the petitioner by taking positions no reasonable person would take. For example, he did not credit the testimony of Geraldo Colon or Ashley Lugo. He refused to credit the Affidavits of Keila Rivera Colon and Maria Lugo who placed Oscar in Puerto Rico between January, 2003 and March, 2004. He refused to consider the Affidavits because they were "hearsay" even though every other court accepts hearsay at sentencing.

On August 3, 2017, the trial court modified the sentence. The total aggregate sentence was 90-240 years.

On December 20, 2017, the Court issued its opinion.

On January 18, 2019, the Superior Court affirmed in an unpublished decision. 2794EDA2017

On July 11, 2019, the PA Supreme Court denied the petition for allowance of appeal.

The instant 2254 habeas petition is "timely"

## III. STATEMENT OF THE FACTS

On July 5, 2007, the Chester County District Attorney's Office filed an information charging Oscar Lugo ("Oscar") with sixty-three (63) counts of delivery of cocaine in violation of 35 P.S. 780-113(a)(3), and thirty (30) counts of PWID. The information did not set forth the dates, locations, and drug quantities of the alleged deliveries or the PWIDs. It merely alleged that the deliveries and PWIDs occurred between July 1, 2001 and March 31, 2004. The information also charged a violation of 18 PACSA 911 (PACOA) and 18 PACSA 5111(a)(1).

The docket sheets and sentencing documents indicate that all of the offenses took place on July 1, 2001. Even the brand-new sentencing sheets have no dates of the offenses. Sentences were imposed consecutively even though the sentences were not supported by essential facts found by a jury as required by ***United States v. Haymond***, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019),

At trial, Luis Colon testified that Oscar spearheaded the conspiracy to buy and sell cocaine but there was no physical evidence to support his testimony. At

the PCRA hearing, Luis Colon recanted his trial testimony, and testified that Troopers Lohman and Cruz removed him to Avondale Barracks for coaching sessions where they pressured him to give false testimony implicating Oscar Lugo. Following the hearing, the PCRA judge stated that he believed Luis Colon was telling the truth when he testified at trial that Oscar Lugo bought and sold drugs between 2001 and 2004 but not telling the truth when he recanted.  The PCRA Court attached no significance the docket indicating the Troopers removed Mr. Colon from the jail for coaching sessions. The fact remains that Luis Colon's trial testimony was unreliable. He could not remember dates. He offered the excuse that was not good with dates. He could not remember dates so the jury had no facts to distinguish one count from another. He testified at trial that Oscar spent several weeks in Florida and Puerto Rico between 2001 and 2004. Luis Colon's trial testimony was in hopeless conflict with the testimony of Felix Reyes who testified that he (Reyes) purchased one kilogram/week from Oscar between 2001 and 2004.

At resentencing, Oscar tried to introduce sworn statements from the following people:

(A) Keila Rivera Relon stating that she lived with Oscar Lugo in Puerto Rico between January, 2003 and March 22, 2004;

(B) Aunt Maria Lugo Maldonado, who stated that Oscar lived in Toa Alta Puerto Rico from January 2003 until March 2004;

The Court refused to admit the evidence. The judge claimed it was inadmissible " hearsay," even though most courts admit hearsay at sentencing.

At resentencing, the trial judge rejected the argument that the information was multiplicitous because it failed to identify dates, locations and quantities of each drug offense. The Court viewed multiplicity as an error that was waived unless raised by pretrial motion. The Court blamed the trial attorney for not filing a motion for Bill of Particulars, and then claimed that the failure to do so waived the issue. Defense counsel gave the competing argument that multiplicity is an error taints the trial, and taints the sentencing. Accordingly, she argued that while multiplicity is an egregious error that should be raised in a pretrial motion, it also is an egregious sentencing error that cannot be waived because multiplicity increases the range of possible sentences and always results in an illegal sentence unsupported by facts found by a jury. She argued that the remedy for multiplicity in the context of sentencing is a single sentence.

Defense counsel highlighted and underscored the fact that the jury was not asked to find--and it could not find--and it did not find--dates, locations, drug quantities or anything that distinguished one drug offense from the other.  The Court acknowledged that was true. Defense counsel argued that the jury could not--and did not--make reliable findings of fact without dates, locations and quantities. She argued that the absence of findings of fact by the jury limited the sentencing

judge's authority to increase the range of sentences beyond the range for one count. The judge did not respond to the argument.

## IV. THE CONVICTION WAS OBTAINED AND SENTENCE IMPOSED IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

*Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) established the now familiar two-pronged standard for claims of ineffective assistance of counsel ("IAC") which includes proof of deficient performance and prejudice. *Strickland* stated that an IAC claim requires the reviewing court to consider the **"totality of the evidence"** before the judge or the jury. *Strickland* constitutes clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Here, trial counsel failed to file a pretrial motion to quash the charging instrument for failure to identify the dates and locations of the distributions and the PWIDs. The failure to file the pretrial motion was deficient performance. The failure to file the motion was prejudicial because it exposed petitioner to conviction and sentences for multiple counts without facts distinguishing one count from the other. The failure to file the motion was negligence. There was no strategic reason for failing to file the motion. If the defense attorney had filed the motion, the trial judge would have been required to grant it. Assuming the trial judge had a different view, the issue would have been preserved for appeal

## B. THE INFORMATION WAS SO VAGUE AND INDEFINITE IT DENIED THE RIGHT NOT TO BE SUBJECTED TO DOUBLE JEOPARDY

The information did not include dates and locations of the alleged crimes. The jury was not required to find dates and locations, and the jury did not do so. In fact, the jury could not do so because there was no testimony supporting those findings. Accordingly, the jury verdict did not give the trial court a foundation to impose consecutive sentences for the deliveries of cocaine or the PWIDs. The law is clear that the judge has no authority to impose a sentence unsupported by facts found by a jury supporting the imposition of sentence. ***United States v. Haymond***, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019).

The sentence imposed in this case violates the following constitutional rights: (1) the right to fair notice of the nature of the charges guaranteed by the privileges and immunities clause, (2) the right not to be punished more than once for the same crime, (3) the right not to be sentenced for crimes not supported by a jury verdict supporting each and every fact beyond a reasonable doubt, (4) the right not to be sentenced based on inaccurate information and false assumptions, and (5) the right to effective assistance of counsel.

In addition, petitioner does not want to overlook the fact that the holding of the Superior Court is unreasonable and not merely wrong. It conflicts with other decisions of the PA Superior Court including ***Commonwealth v. Harris***, 134 A3d 483 (PA Super. 2015) and ***Commonwealth v. Edwards***, 449 A2d 38 (PA Super.

1982)[Delivery of a controlled substance necessarily includes possession with intent to deliver].

The holding of the PA Superior Court is unreasonable because it conflicts with holdings of the United States Supreme Court. For example, it conflicts with **Cole v. Arkansas,** 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed.2d 644 (1948) which held that a person cannot be convicted unless he has real notice of the specific charge. The Court stated, "Notice of the specific charge is the constitutional right of every accused in a criminal proceeding in all courts, state or Federal."

The Superior Court's holding is unreasonable because it conflicts with **Commonwealth v. Little**, 455 PA 163, 314 A2d 270, 272-273 (PA 1974) which reads, in pertinent part, as follows: "But to invoke this jurisdiction, something more is required; it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution is so basic to the **fairness of subsequent proceedings that it cannot be waived even** if the defendant voluntarily submits to the

jurisdiction of the court. *Albrecht v. United States*, 273 U.S. 1, 71 L.Ed. 505, 47 S.Ct. 250 (1927).

Finally, and perhaps most important of all, the Superior Court's holding conflicts with *United States v. Haymond, supra* which held that the judge may not impose a sentence unless the jury has found each fact supporting the conviction and sentence.

At the risk of flogging the point, the information charged 63 deliveries of cocaine and 30 PWIDs all without dates, locations and quantities. Without dates, it's literally impossible to say that the PWIDs are not lesser included offenses of the deliveries. *Commonwealth v. Harris*, 134 A3d 483 (PA Super. 2015) and *Commonwealth v. Edwards*, 449 A2d 38 (PA Super. 1982)[Delivery of a controlled substance necessarily includes possession with intent to deliver]. Without dates and locations, it is impossible to say whether all 93 counts are the same crime or not. The information is so lacking in specifics that it violates the constitution in many ways.

First, the lack of fair notice. *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed.2d 644 (1948) which held that a person cannot be convicted unless he has notice of the specific charge. The Court stated, "Notice of the specific charge is the constitutional right of every accused in a criminal proceeding in all courts, state or Federal."

Second, the information is plainly multiplicitous. Imposition of consecutive sentences makes the sentence plainly unconstitutionaL. The trial judge had no "discretion" to impose consecutive sentences where, as here, the information failed to charge dates and locations of the drug offenses. ***United States v. Haymond, supra*** which held that the judge may not impose a sentence unless the jury has found each fact supporting the conviction and sentence. Dates were essential elements necessary to distinguish one count from the other.  In this case, dates are essential facts that have to be alleged in the charging instrument and proven to the satisfaction of a jury beyond a reasonable doubt. The jury did not make the findings of fact necessary to enlarge the range of sentences. ***Haymond, supra.*** As such, the sentence is not merely unreasonable, it is unconstitutional for many reasons.

At the risk of flogging the point, the jury was not asked to find--and it did not find--dates, locations, drug quantities or other elemental facts that separated one offense from the other. There was no evidence that the jury had a factual basis to make such findings. The Court acknowledged all of this was true. Even the docket sheets identified all crimes as occurring on the same date. And the Court's sentencing sheets did not identify the dates of the alleged crimes.

**The sentence is unconstitutional.** The Double Jeopardy Clause of the Fifth Amendment applies to the states through the Fourteenth Amendment Due Process

Clause. ***Benton v. Maryland***, 395 U.S. 784 (1969). The Double Jeopardy Clause prohibits multiple punishments for the same crime.

***Blockburger v. United States***, 284 U.S. 299, 76 L.Ed.306, 52 S.Ct. 180 (1932) states that crimes are the same if each crime charged requires proof of the same elements. Here, the information charges deliveries of cocaine and PWIDs without dates distinguishing one count from the other.

It is well-settled at this point that PWIDs are lesser included offenses of the deliveries absent dates which distinguish one crime from the other. Without dates, and locations, there is no evidence the petitioner has not been charged with the same crime over and over..

An information is multiplicitous and violates the Double Jeopardy Clause if it charges the same offense in more than one count. The interest protected by the Double Jeopardy Clause in this multiple punishment context is (1) formal notice of the crimes charged and (2) insurance that "the total punishment did not exceed that authorized by the legislature." ***Jones v. Thomas***, 491 U.S. 376, 381, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989).

Multiplicity is a trial error and it should be raised by pretrial motion. Trial counsel was ineffective for failure to file a motion to quash the information on

grounds of multiplicity. Even so, the failure to raise the issue via pretrial motion does not "waive" the claim. [4]*United States v. Rosenbarger*, 536 F2d 715, 722 (6th Cir. 1976), *Government of Virgin Islands v. Braithwaite*, 782 F2d 399, 408 (3d Cir. 1986). A criminal defendant is not required to serve a longer sentence because the lawyer failed to make a pretrial motion. *Rosenbarger* and *Braithwaite.*

    In *Rosenbarger, supra*, the Government claimed that the defendant waived the multiplicity argument by failing to raise it in a pretrial motion. The Court rejected the argument and held:

> The Government maintains that Fed. R.Crim.P. 12 should be applied in this case.  Rule 12 provides, inter alia, that if the defense of multiplicity is not raised prior to trial, it is waived. The argument that one waives his right to object to the imposition of multiple sentences by his failure to object to the multiplicitous nature of an indictment is a non sequitur. Rule 12 applies only to objections with regard to the error in the indictment itself; the effect of Rule 12 is that dismissal of a multiplicitous indictment is not required; however, if sentences are imposed on each count of that multiplicitous indictment the defendant is not forced to serve the erroneous sentence because of any waiver.

    The Third Circuit adopted *Rosenbarger* in *Virgin Islands v. Braithwaite*, 782 F2d 399, 408 (3d Cir. 1986) and held that the failure to raise the issue in a

---

pretrial motion did not waive the issue. It held that the appropriate remedy for a multiplicitous indictment was a single, general sentence.

In the case at hand, the information violates the Double Jeopardy Clause because it charges ninety three counts that are not sufficiently distinct to satisfy ***Blockburger v. United States***, 284 U.S. 299, 76 L.Ed.306, 52 S.Ct. 180 (1932)[Test for multiplicity is whether each crime charged requires proof of an element which the other does not].

Here, with respect to the first 63 counts of distribution, the charges are identical. There is nothing to say that the 63 counts do not charge the same crime. Furthermore, with respect to the thirty counts of possession with intent to distribute (PWID) they too are identical. There is nothing to say that the 30 counts of PWID do not charge the same crime. Moreover, without specific dates, and locations, the PWIDs are a lesser offenses of distribution since one cannot distribute a substance unless he possesses it. ***Commonwealth v. Harris***, 134 A3d 483 (PA Super. 2015) and ***Commonwealth v. Edwards***, 449 A2d 38 (PA Super. 1982)[Delivery of a controlled substance necessarily includes possession with intent to deliver].

It is simply a fact from which there is no escape that the lower court faced with the multiplicity argument was compelled by ***Haymond, supra*** to impose a single, general sentence. Without dates, there is no proof that all 93 counts do not

charge the same crime. All counts have the same elements and flunk the

***Blockburger*** test.

## C. THE CONVICTION AND SENTENCE4 VIOLATES PROCEDURAL DUE PROCESS

The information in this case also violates basic procedural due process

which requires specific notice of the crimes charged so the accused can defend

himself.

In ***Commonwealth v. Devlin***, 460 PA 508, 333 A2d 888 (1965), defendant

was found guilty of sexually abusing a 22 year old retarded man who had the

mental ability of a first or second grade child and the emotional stability of an even

younger child. The only proof at trial was that the crime occurred sometime during

a 14 month period. Citing ***Commonwealth v. Levy***, 23 A2d 97 (PA Super. 1941),

the court reversed the conviction noting:

> "We do not understand the rule of the cases to be that the Commonwealth
> need not prove any date at all, but can sustain a conviction merely by
> proving that the offense must have been committed upon some unshown
> date within the statutory period. Our attention has not been called to any
> case so holding." 23 A2d at 99.

Somewhat ironically, the Superior Court's opinion relies on ***Commonwealth***

***v. Brooks***, 7 A3d 852 (PA Super. 2010) which involves child molestation. This

case does not involve a child or molestation.

Evidence at trial cannot "cure" the defective charging instrument but even if it could, the primary witness, Luis Colon, who was not a little child, could **not remember the dates, times and quantities of the drug deliveries.** Likewise, Felix Reyes did not remember dates, and times of drug deliveries. The failure of recollection precludes any reasoned argument that the jury convicted Oscar of the 93 counts based on the evidence.

The information did not charge enough facts for the jury to differentiate one count from the other by dates and locations of drug deliveries and PWIDs.

In **Commonwealth v. Johnson**, 910 A2d 60 (PA Super. 2006), the Court held that dates of offenses must be provided before accused can plead guilty to an offense. If an accused cannot plead guilty without specific dates being set forth in the charging instrument, then it follows like night follows day that he cannot be tried on an information without dates. It is too much to expect a jury to fill in the gaps in a defective charging instrument.

In **United States v. Reese**, 90 U.S. 214, 232-233 (1875), the Supreme Court held, "The indictment must contain an allegation of every fact essential to the punishment to be inflicted." See also: **Jones v. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

In this case, the only fact that could possibly differentiate one drug count from another drug count is the date of the offense. As such, the date of the offense

is the elemental fact that regulates the prescribed statutory maximum. Elemental facts must be stated in the charging instrument and proven beyond a reasonable doubt.

Federal courts have held that the appropriate remedy for a multiplicitous charging instrument is a single, general sentence. *United States v. Rosenbarger*, 536 F2d 715 (6th Cir. 1976), *Government of Virgin Islands v. Braithwaite*, 782 F2d 399 (3d Cir. 1986).

The Court may not impose consecutive sentences for drug distributions and PWID without a jury verdict on dates, locations, etc. Nor can the Court impose a separate sentence for PACOA and/or PACOA conspiracy because the drug crimes merge and so the State has not proven the pattern of racketeering activity necessary to establish racketeering acts or racketeering conspiracy.

## V. THE SENTENCE WAS IMPOSED BASED ON INACCURATE INFORMATION AND FALSE ASSUMPTIONS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

### A. LEGAL PRINCIPLES

The accused has the right to minimal safeguards to ensure that the sentencing court does not rely on factually inaccurate information or false assumptions. *United States v. Tucker,* [404 U.S. 443, 466, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)]; *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed.

1960 (1948). ***Commonwealth v. Rhodes,*** 2009 Pa. Super. 261, 990 A.2d 732,

2009 Pa. Super. LEXIS 4996 (Pa. Super. 2009), citing ***Commonwealth v.***

***Schwartz,*** 275 Pa. Super. 112, 418 A.2d 637, 640-641 (Pa. Super. 1980). See also*,*

***Commonwealth v. Karash,*** 306 Pa. Super. 22, 452 A.2d 528, (Pa. Super. 1982)

("The court violated the defendant's right to due process if, in deciding upon the

sentence, it considers unreliable information or information affecting the court's

impartiality, or information that is otherwise unfair to hold against the

defendant.").

Here, the sentencing judge violated due process when he based what in

effect is a life sentence on inaccurate information and false assumptions.

Felix Reyes testified that he received one kilogram of cocaine/week from

Oscar in Pennsylvania in 2003 and 2004. A literal mountain of evidence including

official surveillance tapes disproved his testimony. The evidence proved that Oscar

was in Puerto Rico during 2003-2004.

Likewise, the Court refused to credit Ashley Lugo's testimony that Oscar

was in Orlando, Florida from July 1, 2002 until he left for Puerto Rico. Ashley's

testimony was uncontradicted.

A small mountain of evidence indicates that Oscar was in Florida and Puerto

Rico between 2002 and 2004 contradicting the trial testimony of Luis Colon and

Felix Reyes who testified that Oscar was a leader of a drug conspiracy buying and selling drugs in Chester County, PA.

If Oscar was in Florida and Puerto Rico when the prosecution's witnesses have him in Chester County, PA, there is good reason to believe the trial testimony was not reliable enough for sentencing.

## CONCLUSION

For all the reasons set forth above, the Court should grant the petition for habeas corpus.

s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney at Law
PA Bar No. 40353
387 Ring Road
Chadds Ford, PA 19317
484/771-2000
PA#40353

## DECLARATION

The undersigned declares, under penalties of perjury, pursuant to 28 U.S.C. 1746

that the following information is true and correct:

1. I am the petitioner in the attached habeas corpus;

2. I have read the petition and memorandum of law carefully;

3. I consider myself competent;

4. I understand the facts and I understand the legal issues set forth in the petition and

memorandum of law, and I adopt those statements of facts and legal issues as if I had prepared

the documents myself.

Date: 3-28-20

Oscar Lugo

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Oscar Lugo                                    CIVIL ACTION

        v.

Supt. SCI Coal Township,                      NO.
et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( ✓ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

| 05/11/2020 | Cheryl Sturm | Oscar Lugo |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-771-2000 | 484-771-2008 | Sturmcjlaw@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Cheryl J. Sturm, attorney, 387 Ring Road, Chadds Ford, PA 19317__

Address of Defendant: __Office of District Attorney, Chester County, P.O. Box 2746, West Chester, PA 19380__

Place of Accident, Incident or Transaction: __Eastern District of Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/11/2020__   _____   __40353__
                        *Attorney-at-Law / Pro se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☑ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Cheryl J. Sturm__ , counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __05/11/2020__   _____   __40353__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Oscar Lugo

## DEFENDANTS
Supt. SCI Coal Township, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cheryl J. Sturm, 387 Ring Road, Chadds Ford, PA 19317

Attorneys *(If Known)*
Nicholas J. Casenta, Chief Deputy D.A. Office of District Attorney, P.O. Box 2746, West Chester, PA 19380

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

| SOCIAL SECURITY | FEDERAL TAX SUITS |
|---|---|
| ☐ 861 HIA (1395ff) | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 862 Black Lung (923) | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 864 SSID Title XVI | |
| ☐ 865 RSI (405(g)) | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2254

Brief description of cause:
Violation of 5th and 6th Amendments and due process clause of U.S. Constitution. Knowing use of perjured testimo

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
05/11/2020

SIGNATURE OF ATTORNEY OF RECORD
*Cheryl J. Sturm*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____